UNITED STATES DISTRICT COURT
FOR THE WESTERN DIVISION OF MISSOURI

| | |
|---|---|
| **JOSEPH W. BROWN** and<br>**MANDY R. BROWN**<br><br>    Plaintiffs,<br><br>vs.<br><br>**PRO TRUCKING, INC.**<br>Serve Registered Agent at:<br>  Truck Process Agents of America, Inc.<br>  c/o Parson and Nunan, Inc.<br>  106 N Fourth<br>  Edina, MO 63537<br><br>**JAKE S. PETERSON**<br>Serve at:<br>  88732 County Road 46<br>  Albert Lea, MN 56007<br><br>    Defendants. | Cause No.<br><br>**JURY DEMAND** |

## COMPLAINT

COME NOW Plaintiffs, Joseph W. Brown and Mandy R. Brown, by and through their attorneys of record, Bradley L. Bradshaw, M.D., J.D. and Jonathan P. Davis, of Brad Bradshaw, M.D., J.D., L.C., and for their claims and causes of action against the Defendants Pro Trucking, Inc. (hereinafter "Pro Trucking"), and Jake S. Peterson (hereinafter "Peterson"), allege and state as follows:

### PLAINTIFFS

1. That Plaintiff, Joseph W. Brown, is an individual citizen and resident of Independence, Jackson County, Missouri.

2. That Plaintiff, Mandy R. Brown, is an individual citizen and resident of Independence, Jackson County, Missouri.

## DEFENDANTS

3. That Defendant Pro Trucking is a corporation in good standing in the State of Minnesota, whose principal place of business is located at 77917 209th Street, Albert Lea, Freeborn County, Minnesota 56007; and, its registered agent for service of process is Truck Process Agents of America, Inc. c/o Parson and Nunan, Inc. who can be served at 106 N Fourth, Edina, Knox County, Missouri 63537.

4. That Defendant Peterson is an individual citizen who is a resident of the State of Minnesota and can be served at his residence address of 88732 County Road 46, Albert Lea, Freeborn County, Minnesota, 56007.

## JURISDICTION AND VENUE

6. That the acts hereinafter mentioned giving rise to this cause of action all occurred in Jackson County, Missouri; that the causes of action alleged are torts; that Plaintiffs' damages exceed $75,000; and that, pursuant to 28 U.S.C. §1332(a), this Court has jurisdiction and venue, respectively, in this cause.

## AGENCY

7. That Defendant Pro Trucking at all relevant times herein mentioned, regularly employed Defendant Peterson; that Defendant Peterson, at all relevant times herein mentioned, was an agent, servant, statutory employee or employee of said Defendant Pro Trucking and acting within the course and scope of his employment or agency with said Defendant at all relevant times herein mentioned and, as such, rendered said Defendant liable for his acts of negligence as agent and upon the doctrine of respondeat superior, and apparent

authority.

8. That Defendant Pro Trucking cloaked Defendant Peterson with apparent authority, and Defendant Pro Trucking further created in the public's mind, including Plaintiffs', that Defendant Peterson was an agent, servant, statutory employee or employee of Defendant Pro Trucking

9. That additionally, Defendant Pro Trucking and Defendant Peterson, and each of them, had an absolute duty to operate the tractor and trailer in a reasonable and competent fashion without negligence.

10. That Defendant Pro Trucking was a motor carrier as the term is defined within the meaning of the Federal Motor Carrier Safety Regulations set forth in Title 49 of the CFR.

## FACTS OF THE OCCURRENCE

11. That on or about March 19th, 2018 at approximately 2:50 p.m., Plaintiff Joseph W. Brown was traveling east on Interstate 470 in a 2009 Chevy Express when he had to stop for congested traffic due to a construction zone in Lees Summit, Jackson County.

12. That on or about March 19th, 2018 at approximately 2:50 p.m., Defendant Peterson, employee of Defendant Pro Trucking, was operating a 1985 Freightliner pulling a 2004 Transcraft Eagle trailer owned by Defendant Pro Trucking traveling east on Interstate 470 in Lees Summit, Jackson County, Missouri.

13. At the aforementioned time and place, Defendant Peterson failed to stop for congested traffic and collided with the rear of Plaintiff Joseph W. Brown's vehicle.

14. That at the aforementioned time and place, Defendant Peterson, employee of Defendant Pro Trucking, negligently and carelessly caused the tractor that he was operating to come into violent contact with the 2009 Chevy Express, severely and permanently injuring Plaintiff Joseph W. Brown.

COUNT I<br>NEGLIGENCE OF DEFENDANT PETERSEN

COMES NOW Plaintiff Joseph W. Brown, by and through his attorney, and for his claim and cause of action on Count I of this Compliant against Defendant Peterson, alleges and states as follows:

15. Plaintiff hereby incorporates the preceding paragraphs of this Complaint as though fully set forth herein.

16. That the Defendant Peterson was careless and negligent in one, more than one, or all the following respects, to-wit:

    a. In failing to keep a careful lookout;

    b. In operating the vehicle in an unsafe manner;

    c. In driving at an excessive speed;

    d. In failing to stop, swerve, slacken his speed, sound a warning, or slacken his speed and sound a warning, or swerve and sound a warning;

    e. In allowing Defendants' tractor to collide with the rear of Plaintiff's vehicle; and

    f. All other acts of negligence learned through discovery.

COUNT II<br>VICARIOUS LIABILITY OF DEFENDANT PRO TRUCKING, INC.

COMES NOW Plaintiff Joseph W. Brown, by and through his attorney, and for his claim and cause of action on Count II of this Compliant against Defendant Pro Trucking, alleges and states as follows:

17. Plaintiff hereby incorporates the preceding paragraphs of this Complaint as though fully set forth herein.

18. That the Defendant Peterson was an agent, servant, employee, or statutory employee of Defendant Pro Trucking and was operating in the course and scope of his agency, employment or statutory employment at the time of the crash.

19. That Defendant Pro Trucking is vicariously liable for the negligent acts or omissions of Defendant Peterson.

### INJURIES AND DAMAGES OF PLAINTIFF JOSEPH W. BROWN

20. That in one or more of the respects submitted above, directly caused or directly contributed to cause serious and permanent damage and/or injuries to Plaintiff Joseph W. Brown in one, more than one, or all the following respects, to-wit:

    a. That Plaintiff Joseph W. Brown has suffered painful, permanent, and progressive bodily injury to his head, neck and back, which required physical therapy and medications; and, strains and sprains to multiple parts of his body;

    b. That Plaintiff Joseph W. Brown has suffered and will continue to suffer from severe and violent injury to his ligaments, nerves, bones, and tissues throughout his body;

    c. That Plaintiff Joseph W. Brown suffered serious worsening of multiple pre-existing illnesses to the extent such even existed;

d. That as a direct and proximate cause of Defendants' negligence, Plaintiff Joseph W. Brown has incurred, and will incur in the future, significant medical bills and expenses, healthcare expenses, and prescription expenses, the exact amount of which are presently unknown; and,

e. That as a direct and proximate cause of Defendants' Pro Trucking, Inc. and Peterson negligence, Plaintiff Joseph W. Brown has suffered pain, physical impairment and loss of life's enjoyment.

WHEREFORE, Plaintiff Joseph W. Brown prays for judgment against Defendant Peterson on Count I of this Complaint and Defendant Pro Trucking, Inc. on Count II of this Complaint in an amount that is fair and reasonable as determined by either the court and a jury, and those damages permitted by law; for Plaintiff's costs herein expended and incurred, and for such further and other relief as deemed just and proper under the premises.

## COUNT III
## CONSORTIUM

COMES NOW, Plaintiff Mandy R. Brown, by and through her attorney, and for her claim and cause of action on Count III of this Complaint against Defendant Peterson and Defendant Pro Trucking, alleges and states as follows:

21. Plaintiff hereby incorporates the preceding paragraphs of this Complaint as though fully set forth herein.

22. That Plaintiff Mandy R. Brown, at all times mentioned herein, was the wife of Plaintiff Joseph W. Brown, and as a a result of the Defendants' negligence in the aforementioned collision and the resultant injuries to her husband as previously described, Plaintiff Mandy R. Brown has lost the services and consortium of

Plaintiff Joseph W. Brown and has been required to incur and expend sums of money for the medical care and treatment of Plaintiff Joseph W. Brown and will in the future be required to expend sums of money for such services.

WHEREFORE, Plaintiff prays for judgment against the Defendants Peterson and Pro Trucking on Count III of this Complaint in an amount that is fair and reasonable as determined by either the court and a jury, and those damages permitted by law; for Plaintiff's costs herein expended and incurred, and for such further and other relief as deemed just and proper under the premises.

Respectfully Submitted,

**BRAD BRADSHAW, M.D., J.D., L.C.**
1736 E. Sunshine, Suite 600
Springfield, MO 65804
(417) 333-3333; FAX (417) 889-9229

By: _____
Bradley L. Bradshaw, M.D., J.D.
Bar Numbers:
Kansas           15801
Missouri         41683
Iowa             AT0013939
Texas            00789165
Washington, D.C. 441423
brad@semitrucklaw.com

By: _____
Jonathan P. Davis
Bar Numbers:
Missouri    60988
Arkansas    2009080
jondavis@semitrucklaw.com
*ATTORNEYS FOR PLAINTIFFS*

JURY DEMAND

Plaintiff hereby requests a 12-person jury trial in the above-captioned cause in accordance with the laws of the State of Missouri.

_____
Bradley L. Bradshaw, M.D., J.D.

_____
Jonathan P. Davis